CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MONTY CARL PYATT,** ) | |
|     Plaintiff, ) | Case No. 7:25-cv-00275 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **SOUTHWEST VA REGIONAL JAIL** ) | Senior United States District Judge |
| **AUTHORITY,** ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

Monty Carl Pyatt, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority (Jail Authority). The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

Pyatt's complaint stems from events that occurred in March 2025 at a regional jail operated by the Jail Authority. While waiting in line during pill call on March 28, 2025, Pyatt saw a nurse handle a used catheter. The nurse then continued distributing medications to Pyatt and other inmates without changing her gloves. See Compl., ECF No. 1, at 2.

Pyatt started working in the kitchen on March 12, 2025. The dishwasher had been broken for approximately two weeks, and he observed inmates placing used utensils "in cold soap water" with a "questionable amount of sanitizer." Id. at 3. Pyatt alleges that he was

"forced to eat with sporks not properly sanitized" due to the kitchen staff's "negligence." Id. at 2. He seeks to recover $1.2 million in damages based on the alleged misconduct. Id. at 4.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or agent. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Complaints filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply

2

a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court construes Pyatt's complaint to assert claims of deliberate indifference to his health or safety. The constitutional standard that applies to claims of deliberate indifference depends on whether Pyatt was a convicted prisoner or a pretrial detainee at the time of the incidents at issue. A convicted prisoner's claim of deliberate indifference is brought pursuant to the Eighth Amendment's prohibition of cruel and unusual punishment. "Prison officials violate the Eighth Amendment's cruel-and-unusual-punishment clause when they are deliberately indifferent to a substantial risk to an inmate's safety or medical needs." King v. Riley, 76 F.4th 259, 264 (4th Cir. 2023). An Eighth Amendment claim of deliberate indifference has an objective and subjective component. Id. To satisfy the objective component, the deprivation alleged "must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of serious harm resulting from exposure to the challenged conditions." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019) (internal quotation marks and alterations omitted). To satisfy the subjective component, a plaintiff "must show that the official knew of and disregarded an excessive risk to inmate health or safety." Id. at 361 (internal quotation marks and alterations omitted). This is an "exacting standard," which is not met by "mere negligence or even civil recklessness." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).

A pretrial detainee's claim of deliberate indifference is governed by the Due Process Clause of the Fourteenth Amendment. See Short v. Hartman, 87 F.4th 593, 603-05 (4th Cir. 2023) (addressing a pretrial detainee's claim of deliberate indifference to serious medical needs). To state a claim of deliberate indifference, a pretrial detainee must plead that (1) he was subjected to a condition of confinement that posed a substantial risk of serious harm; (2) "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) "the defendant knew or should have known . . . that the defendant's action or inaction posed an unjustifiably high risk of harm"; and (4) "as a result, the detainee was harmed." Id. at 611. As in the Eighth Amendment context, it is "not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611–12.

Applying these principles, the court concludes that Pyatt's complaint fails to state a cognizable claim of deliberate indifference in violation of the Eighth Amendment or the Fourteenth Amendment. Although the conduct that Pyatt witnessed in March 2025 may have been unsanitary and inappropriate, he does not allege that he suffered any harm as a result of the alleged actions or plead fact sufficient to show that he faced "a substantial risk of serious harm." Porter, 923 F.3d at 355. Likewise, the complaint does not set forth any facts from which the court could reasonably infer that the nurse or any other jail employee consciously disregarded an excessive risk to Pyatt's health or safety, or knew or should have known that their actions or inactions posed an unjustifiably high risk of harm. Short, 87 F.4th at 611. At most, the allegations could support a claim of negligence, which is not actionable under § 1983. See id.; see also Hixson v. Moran, 1 F.4th 297, 303 (4th Cir. 2021) ("[M]ere negligence is not

4

enough to show deliberate indifference."). And in the absence of an underlying constitutional violation, there is no basis for municipal liability under § 1983 against the Jail Authority. See Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999) ("As there are no underlying constitutional violations by any individual, there can be no municipal liability.").

## IV. Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: August 12, 2025

Michael F. Urbanski
U.S. District Judge
2025.08.12 10:12:45 -04'00'

Michael F. Urbanski
Senior United States District Judge